**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ROBERT GARFIELD,<br><br>              Plaintiff,<br><br>       vs.<br><br>PREFERRED APARTMENT COMMUNITIES, INC.,<br><br>              Defendant. | Case No.:<br><br>**COMPLAINT** |

Plaintiff Robert Garfield ("Plaintiff"), by his undersigned attorneys, alleges, based upon personal knowledge as to himself and his own acts and on information and belief as to all other matters which is based upon filings made by Preferred Apartment Communities, Inc. ("Preferred" or the "Company") with the U.S. Securities and Exchange Commission ("SEC"), as follows:

## NATURE OF THE ACTION

1.      On March 15, 2019, Preferred filed with the SEC and furnished to the Company's shareholders a definitive proxy statement (the "Proxy Statement" or "Solicitation") with respect to an annual meeting (the "Annual Meeting") scheduled to take place on May 2, 2019. A true and correct copy of the Solicitation is attached hereto as Exhibit 1. The second proposal ("Proposal 2") contained in the Proxy Statement seeks shareholder action, by way of a vote, to approve the Company's 2019 Stock Incentive Plan (the "2019 Plan" or the "Plan").

2.      The proxy rules issued by the SEC "have the force and effect of law." *Batterton v. Francis*, 432 U.S. 416, 425 n.9 (1977). However, in seeking shareholder approval of Proposal 2, as alleged in greater detail below, the Company failed to comply with the disclosure requirements of Schedule 14A promulgated under the Securities Exchange Act of 1934 (the "Exchange Act"),

17 C.F.R. § 240.14a-101 ("Schedule 14A"), which governs proxy solicitation. Specifically, Item 10(a)(1) of Schedule 14A requires, *inter alia*, that "[i]f action is to be taken with respect to any [compensation] plan pursuant to which cash or noncash compensation may be paid or distributed[,]" certain further information must be furnished. Additionally, Item 10(b)(2)(i) of Schedule 14A requires that "[w]ith respect to … any plan containing options, warrants or rights submitted for security holder action[,]" certain further information must be stated. The Plan "allows for various types of equity-based compensation, including . . . incentive stock options, non-qualified stock options, stock appreciation rights, [and] dividend equivalent rights[.]"

3.      Proposal 2 of the Proxy Statement does not comply with the SEC's disclosure requirements for proxy statements, codified at Items 10(a)(1) and 10(b)(2)(i) of Schedule 14A. Accordingly, Plaintiff, a Preferred shareholder whose vote is being solicited through the Proxy Statement, is bringing this direct action under Section 14(a) of the Exchange Act, 15 U.S.C. § 78n(a), and the rules and regulations of the SEC to enjoin a vote by the Company's shareholders on Proposal 2 until the defects in the Solicitation are cured.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over the subject matter of this action pursuant to Section 27(a) of the Exchange Act, 15 U.S.C. § 78aa(a).

5.      In connection with the acts, omissions, conduct and wrongs alleged herein, Defendant used the mails and the means or instrumentalities of interstate commerce.

6.      Venue is proper in this District because, as allowed under Section 27(a) of the Exchange Act, this District is where the violation at issue occurred as numerous Solicitations were or will be mailed to Preferred shareholders residing in this District. Preferred also trades on the New York Stock Exchange ("NYSE"), and hired Broadridge Investor Communications Solutions,

Inc., which is based in New York, to assist in the distribution of proxy materials and the tabulation of proxies.

## PARTIES

7. Plaintiff, a Preferred shareholder as of March 15, 2019 (the "Record Date"), is entitled to notice of, to participate in, and to vote at the Annual Meeting.

8. Preferred, having elected to be taxed as a real estate investment trust, or REIT, is a Maryland corporation formed in 2009 to own and operate primarily multifamily properties and, to a lesser extent, student housing properties, grocery anchored shopping centers and well leased class A office buildings, in select targeted markets throughout the United States. As of December 31, 2018, Preferred owned 2,578,000 rentable square feet of real estate assets, with potential additions of 187,000 rentable square feet from real estate loan investment portfolio. Preferred is headquartered in Atlanta, Georgia. The Company's common stock trades on the NYSE under the ticker "APTS" and "[a]t the close of business on March 14, 2019, approximately 43,040,867 shares of [Preferred's] common stock were outstanding, including 6,198 shares of unvested restricted common stock, that are entitled to vote at the Annual Meeting."

## WRONGFUL ACTS AND OMISSIONS

9. Preferred has scheduled its Annual Meeting for May 2, 2019, and the Record Date to vote on the proposals in the Solicitation as March 15, 2019.

10. Preferred's board of directors (the "Board") recommends that its shareholders vote "**FOR** this Proposal 2, the proposal to approve the 2019 Stock Incentive Plan[.]"

11. The Solicitation states that Proposal 2 is recommended, in part, because

> The purposes of the 2019 Plan are to (a) to provide incentives to officers, employees, directors and consultants of the Company and its affiliates to stimulate their efforts toward the continued success of the Company and to operate and manage the business in a manner that will provide for the long-term growth and profitability of the

Company, (b) encourage stock ownership by officers, employees, directors and consultants by providing them with a means to acquire a proprietary interest in the Company, acquire shares of our common stock, or to receive compensation which is based upon appreciation in the value of our common stock, and (c) provide a means of obtaining, rewarding and retaining officers, employees, directors, and consultants.

12. The Solicitation further states, with respect to Proposal 2, in part, that:

**Material Changes in the 2019 Plan**

[. . .]

- **Increase in number of shares**. The 2019 Plan increases the number of shares of common stock available for issuance under the 2011 Plan by 1,000,000 shares. After this change, the number of shares available for future awards under the 2019 Plan is the sum of the number of shares available under the 2011 Plan for issuance of future awards immediately before the Effective Date plus 1,000,000 shares. Shares attributable to awards (including prior awards under the 2011 Plan) which are forfeited, canceled, expired, terminated or paid or settled in cash or otherwise without the issuance of common stock (except for shares that cannot be recycled into the 2019 Plan as discussed in the next paragraph) are again available for grant under the 2019 Plan. The maximum number of shares that can be made subject to the grant of incentive stock options is the maximum number of shares available under the 2019 Plan.

\* \* \*

**Summary of Other Provisions of the 2019 Plan**

[. . .]

*Administration*

Awards under the 2019 Plan will be granted, and the terms and conditions of awards will be determined, by the Committee.

….

13. Proposal 2 fails to provide legally required information because it provides insufficient information for Preferred stockholders to understand how many participants are eligible to participate in the Plan despite the fact that Item 10(a)(1) requires that:

If action is to be taken with respect to any plan pursuant to which cash or noncash compensation may be paid or distributed, furnish the following information:

**(a) *Plans subject to security holder action.***

**(1)** Describe briefly the material features of the plan being acted upon, identify each class of persons who will be eligible to participate therein, indicate the approximate number of persons in each such class, and state the basis of such participation.

14. Instead of providing the "approximate number of persons in each such class" as required by Item 10(a)(1), Proposal 2 tells Preferred's stockholders the following about who may receive these awards:

*Eligibility*

Awards under the 2019 Plan may be granted to our officers, employees, directors, and consultants, or any of our affiliates; provided, however, incentive stock options may be granted only to our employees or employees of our subsidiaries. Our affiliates specifically include Preferred Apartment Advisors, LLC and its subsidiaries and NMP Advisors, LLC, as long as Preferred Apartment Advisors, LLC manages operations of the Company. This includes an incalculable number of eligible recipients because there is no limit to the number of consultants or affiliates we have now or that we may have in the future.

15. The above excerpt merely states categories of persons, but it does not explain how many persons are in each class.

16. Moreover, the above excerpt misstates the eligibility provisions of the Plan, which is Annex A to the Solicitation. The Plan, which has a different definition of eligibility than the foregoing quote, clarifies that awards may be granted to officers, employees, directors, and Consultants of any affiliate of the Company, not just to the affiliate itself. *See* Plan § 3.1 ("Eligibility. Awards may be granted only to officers, employees, directors, and Consultants of the Company, or any Affiliate of the Company; provided, however, that an Incentive Stock Option may only be granted to an employee of the Company or any Subsidiary.").

5

17. The foregoing Eligibility excerpt also cannot be correct in stating that Preferred has an "incalculable number of eligible recipients because there is no limit to the number of consultants or affiliates we have now." Preferred offers no basis for its statement that the number of consultants or affiliates that it has now is unknowable to it.

18. While Preferred is externally managed and the Solicitation states that it has no employees, the "approximate" number of the Plan's eligible recipients in each class, particularly that with respect to officers, employees, directors, and Consultants of any of the Company's affiliates, can be ascertained given that the Company has identified at least two affiliated entities in the Solicitation and a list of subsidiaries in its annual report filed with the SEC. Thus, the Solicitation omits such information, which information is required to be disclosed by Item 10(a)(1), including, but not limited to, quantification of the officers, employees, directors, and Consultants of any of its affiliates.

19. Proposal 2 provides no information regarding how many participants may be awarded the compensation from the Plan that stockholders are being asked to approve.

20. As a result of the above defects, the Solicitation does not identify each class of persons who will be eligible to participate in the Plan and identify how many participants may be awarded the additional 1,000,000 shares of Preferred stock (worth approximately $15 million) that stockholders are being asked to approve.

21. The Solicitation also fails to comply with Item 10(b)(2)(i) of Schedule 14A, which requires that:

> With respect to any specific grant of or any plan containing options, warrants or rights submitted for security holder action, state:
>
> (A) The title and amount of securities underlying such options, warrants or rights;

6

(B) The prices, expiration dates and other material conditions upon which the options, warrants or rights may be exercised;

(C) The consideration received or to be received by the registrant or subsidiary for the granting or extension of the options, warrants or rights;

(D) The market value of the securities underlying the options, warrants, or rights as of the latest practicable date; and

(E) In the case of options, the federal income tax consequences of the issuance and exercise of such options to the recipient and the registrant[.]

22. Because the Plan allows for the granting of stock options and rights, the Company must disclose, *inter alia*, and in the Solicitation, "[t]he market value of the securities underlying the options, warrants, or rights as of the latest practicable date[.]" That number is also not included in the Solicitation.

23. The preceding paragraphs state a direct claim for relief against Preferred under Section 14(a) for acting in contravention of the rules and regulations prescribed by the SEC.

24. As a result of these actions, Plaintiff will be injured. Plaintiff has no adequate remedy at law. He will suffer irreparable harm if no action is taken to prevent this harm because, in addition to being forced to vote without this information, the Plan allows for the issuance of 1,000,000 shares of common stock to be granted to an unknown number of persons who qualify as eligible.

25. If these defects are not cured, it is necessary for the Court to take action to enjoin the vote on Proposal 2 beforehand to prevent shares from being distributed to participants based on an uninformed vote that lacks proper and informed shareholder approval because unwinding awards following the Annual Meeting would be impracticable.

26. To prevent injury, injunctive relief is required in the form of the Court ordering that a supplemental proxy statement that complies with Schedule 14A, Items 10(a)(1) and 10(b)(2)(i), and which is timely furnished to shareholders.

27. Preferred should be enjoined from presenting Proposal 2 for a stockholder vote at the Annual Meeting or certifying or otherwise accepting any vote cast in connection with Proposal 2 unless the appropriate disclosures are timely furnished.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in his favor, and against Preferred, as follows:

(A) A preliminary and permanent injunction, enjoining Preferred from:

i. certifying or otherwise accepting any vote cast, by proxy or in person, in connection with Proposal 2 unless a supplemental proxy statement that complies with 17 C.F.R. § 240.14a-101, Items 10(a)(1) and 10(b)(2)(i) is timely furnished to shareholders; and

ii. presenting Proposal 2 for a shareholder vote at the Annual Meeting unless a supplemental proxy statement that complies with 17 C.F.R. § 240.14a-101, Items 10(a)(1) and 10(b)(2)(i) is timely furnished to shareholders;

(B) A preliminary and permanent injunction requiring Preferred to furnish a supplemental proxy statement with the information required by 17 C.F.R. § 240.14a-101, Items 10(a)(1) and 10(b)(2)(i) that is cured of material disclosure defects pursuant to Section 14(a);

(C) Awarding Plaintiff reasonable attorney's fees and expenses incurred in bringing this action and in creating a benefit for all of Preferred's shareholders to the extent that a common benefit is conferred, and;

(D)     Granting such other and further relief as this Court may deem just and proper.

Dated: April 5, 2019

          **ABRAHAM, FRUCHTER &**
              **TWERSKY, LLP**

        /s/ Michael J. Klein
          Michael J. Klein
        One Penn Plaza, Suite 2805
        New York, NY 10119
        Tel: (212) 279-5050
        Fax: (212) 279-3655
        mklein@aftlaw.com

        **Attorneys for Plaintiff**